## DICKEY *v.* WESTON.

The covenants of seizin and of good right to convey, relating to the state of facts existing at the time of the conveyance, are broken, if at all, at the time of the delivery of the deed; but the damages are determined upon the facts appearing when the damages are assessed.

COVENANT BROKEN. The declaration alleged a conveyance from the defendant to the plaintiff with full covenants of warranty, and a breach of the covenants of seizin, good right to convey, and warranty, but alleged no eviction or payment of damages. The defendant demurred.

*N. P. Hunt,* for the defendant. The plaintiff cannot maintain his action on the covenant of warranty, because at the date of his writ he had suffered no eviction, nor had he paid any damages. Having sustained no damage, he cannot sustain an action for damage. *Chase* v. *Weston,* 12 N. H. 413; *Booth* v. *Starr,* 1 Conn. 244; *Vanderkarr* v. *Vanderkarr,* 11 Johns. 122; *Kent* v. *Welch,* 7 Johns. 258; *Delavergne* v. *Norris,* 7 Johns. 358; *Markland* v. *Crump,* 1 Dev. & Bat. 94.

The declaration does not allege that any damages have been paid. Mere liability to pay is not enough. *Kerr* v. *Shaw,* 13 Johns. 236. And although a suit has been brought against the present plaintiff, the case is not altered. A warranty, pending a suit against him, is in danger, but is not thereby damnified, and cannot have a decree for damages. *Hampton* v. *Pool,* 28 Ga. 514.

The plaintiff cannot maintain his action on account of any of the personal covenants in the defendant's deed. There is no allegation in the declaration of any breach of the covenant against incumbrances. The covenants of seizin and of good right to convey are in character similar to covenants against incumbrances, and should be construed by the same rules. And in either case the grantee cannot recover, if at all, more than nominal damages, unless it appear that he has suffered actual damages. *Morrison* v. *Underwood,* 20 N. H. 369. Before there can be a recovery for a breach of these covenants, the plaintiff must have taken up and satisfied the incumbrances, or paid damages. *Stanard* v. *Eldridge,* 16 Johns. 254; *Andrews* v. *Davison,* 17 N. H. 413; *Prescott* v. *Trueman,* 4 Mass. 629; *Delavergne* v. *Norris, supra.* The declaration does not allege that the plaintiff has paid any damages, nor how much, both of which are essential. In this suit only the right of the plaintiff at the date of the writ is involved. What may happen to the plaintiff hereafter is not for the consideration of the court at the present time.

*C. R. Morrison,* for the plaintiff. Upon the averments in the writ, the covenants of seizin and of good right to convey were

broken immediately, although the amount of damages may be affected by the result of the suit now pending. It may turn out that the breach does not extend to the entire parcel, and so something less than the whole consideration and interest, with costs and expenses, be recovered. But this is a matter to be determined at the trial, upon all the evidence.

CLARK, J. The covenants of seizin and of good right to convey, relating to the state of facts existing at the time of the conveyance, were broken, if at all, upon the delivery of the deed; but the damages which the plaintiff is entitled to recover for the breach are to be determined, not upon the state of facts existing when the cause of action accrued, nor at the date of the writ, but upon the facts appearing at the time of the assessment of damages. *Parker* v. *Brown,* 15 N. H. 176; *Morrison* v. *Underwood,* 20 N. H. 369.

*Demurrer overruled.*

SMITH, J., did not sit: the others concurred.